INDIANA ROAD MACHINE COMPANY, Appellant, vs. MURPHY, Respondent.

*December 6, 1910—January 10, 1911.*

*Sales: Statute of frauds: Delivery: Pleading: Evidence.*

In an action for the purchase price of goods, where the contract of sale was oral and the price more than $50, no part of which was paid, so that under sec. 2308, Stats. (1898), there must have been actual delivery and acceptance to constitute a valid sale, evidence tending to show that there was no such delivery or acceptance is admissible under an answer merely denying the sale.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. A. Teall.*

*D. J. Dalton,* for the respondent.

WINSLOW, C. J. This is an action to recover $700, the purchase price of a patent grading machine alleged to have been sold and delivered by the plaintiff to the defendant. The answer denied the sale.

The defendant's evidence, admitted over objection, tended to show that the arrangement was that the plaintiff might ship the grader to defendant at Milwaukee, and that if the machine was properly set up and did satisfactory work he would take and pay for it; that it was shipped and received at Milwaukee, but never set up by the plaintiff for operation nor accepted by the defendant. The jury found by their verdict that there was no sale and no delivery, and judgment was rendered for the defendant.

The appellant's contention is that the evidence above referred to was not admissible under an answer which merely denied the sale, but could only be received under an answer specifically setting forth the arrangement which was made.

We think the objection is overnice. The arrangement was oral and no part of the purchase money was paid. The price being more than $50, there must have been actual delivery and acceptance of the article before there could be a valid sale. Sec. 2308, Stats. (1898). The evidence referred to tended to show that there never was any delivery or acceptance of the property which was to be delivered, namely, a grader set up and ready for use. If this was the fact there was no sale, hence there was no error in admitting the evidence under an answer simply denying the sale. No other points require attention.

*By the Court.*—Judgment affirmed.